UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANGELA B., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:19-cv-00044-TWP-MJD |
| | ) | |
| ANDREW M. SAUL, Commissioner of the Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

# ENTRY ON MOTION FOR AUTHORIZATION OF ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)

This matter is before the Court on Plaintiff Angela B's. Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b) ("Fee Petition") (Filing No. 24). In 2015, Angela B. applied for Social Security Disability Insurance Benefits. Her disability benefits application was initially denied and denied again on reconsideration. On February 21, 2018, an Administrative Law Judge denied Angela B.'s disability benefits application. The Appeals Council denied Angela B.'s request for review on November 9, 2018. Angela B. then requested judicial review of the Commissioner's decision on January 7, 2019 (Filing No. 1). On March 26, 2020, this Court ordered that the case be remanded for further administrative proceedings (Filing No. 18). Final Judgment was entered the same day (Filing No. 19). Based on the successful appeal in this Court, the parties stipulated to an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, and the Court awarded $4,040.00 in EAJA fees (Filing No. 23).

Following this Court's Order remanding the case, the Appeals Council vacated the final decision of the Commissioner and remanded the matter to an Administrative Law Judge for another hearing. Following a second hearing, the Administrative Law Judge issued a decision,

finding Angela B. disabled since her alleged onset date of March 28, 2015. Angela B.'s counsel, Michael G. Myers, then filed the Fee Petition pursuant to 42 U.S.C. § 406(b)(1)(A) ([Filing No. 24](#)). For the following reasons, counsel's Fee Petition is **granted**.

## I. DISCUSSION

In cases involving a claim for Social Security Disability Insurance Benefits, 42 U.S.C. § 406(b)(1)(A) provides:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

Angela B. received a favorable judgment from the Court and was represented by an attorney before this Court, so § 406(b)(1)(A) applies.

Mr. Myers, Angela B.'s counsel, seeks compensation for 21.25 hours of attorney time at a rate of $1,293.89 per hour for a total fee request of $27,495.15. This amount equals twenty-five percent of the total past-due benefits owed to Angela B.. ([Filing No. 24-2 at 1](#).) In *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the United States Supreme Court emphasized that under § 406(b)(1)(A), a court may permit an attorney to receive a maximum of twenty-five percent of the past-due benefits when the attorney fees are awarded from, not in addition to, those back benefits. In this matter, the attorney fees are being requested from Angela B.'s back benefits. The Commissioner asserts that, while § 406(b)(1)(A) allows attorney fees up to twenty-five percent of the past due benefits, Mr. Myers' requested $1,293.89 per hour rate appears to be a windfall.

However, the Commissioner and Mr. Myers agree that an hourly rate may go above the typical $400.00 to $600.00 range when the matter has been handled efficiently. *See Derek H. v. Berryhill*, 2019 WL 2341377, at *2 (S.D. Ind. June 3, 2019) (awarding a fee that resulted in an

hourly rate of $1,274.51 and noting other cases awarding fees resulting in hourly rates between $1,045.00 and $2,908.00). The Commissioner points to two cases in which the court highlighted the attorney's efficiency. In those two cases, the attorneys had expended 5.1 and 11.3 hours of work on their cases. The Commissioner argues that Mr. Myers' 21.25 hours of work falls outside the 5.1 to 11.3 hour window, showing that "[t]his case does not involve a very high degree of efficiency." ([Filing No. 25 at 3](Filing No. 25 at 3).)

Nevertheless, after reviewing the supporting documents, the Court finds that the amount of attorney fees requested is reasonable. Mr. Myers has provided reference to several cases from within the Seventh Circuit with approved fees in excess of a $400.00 to $600.00 hourly rate. Furthermore, Mr. Myers presented citations to multiple cases in which courts have awarded higher hourly rates by comparing the size of the record against the number of hours expended. In this case, Mr. Myers' ability to review the record of more than five hundred pages during his 21.25 hours when compared to similar cases in which the attorneys spent between forty and sixty-two hours on similar-sized records demonstrates Mr. Myers' productivity. An hourly rate of $1,293.89 is higher than the generally expected range in the Seventh Circuit, but it is supported by Mr. Myers' efficient work.

Importantly, Angela B. entered into a contingency fee arrangement with counsel in which she agreed to pay his counsel 25% of all past-due benefits awarded to her by the Social Security Administration. ([Filing No. 24-3](Filing No. 24-3)). She informs the Court that she "thought the 25% contingency fee was reasonable then and I still believes that it is reasonable upon completion of my case". ([Filing No. 26-1](Filing No. 26-1)). The contingency fee agreement is a perfectly legal fee agreement, and the Commissioner does not argue otherwise. Under these circumstances, as recognized by my colleague in the ND Illinois, "the court does not see any reason to upend that agreement *post*

*facto.* Counsel should be compensated pursuant to the formula that was negotiated at the outset of counsel's agreement to represent Claimant in this case in federal court as long as the fee is reasonable". *See David D. v. Saul* 2020 WL 6747008.

Finally, the Commissioner explained that Mr. Myers will likely receive $6,000.00 in § 406(a) fees no matter what the Court orders regarding his Fee Petition. However, in *Culbertson v. Berryhill*, the Court emphasized the difference "between agency representation in § 406(a) and court representation in § 406(b), [which] contains separate caps on fees for each type of representation, and authorizes two pools of withheld benefits." 139 S. Ct. 517, 523 (U.S. 2019). Mr. Myers is within his right to request separate fees for each category of representation. Still, in this matter, Mr. Myers is requesting fees based solely upon § 406(b)(1)(A).

## II.  CONCLUSION

For the forgoing reasons, the Court **GRANTS** counsel's Fee Petition pursuant to 42 U.S.C. § 406(b)(1)(A) ([Filing No. 24](#)). The Court finds that under the circumstances here, 21.25 hours of attorney time at a rate of $1,293.89 per hour for a total fee of $27,495.15 is reasonable. Counsel shall return directly to Angela B. the $4,040.00 fee previously awarded under the Equal Access to Justice Act ("EAJA").

**SO ORDERED.**

Date: 6/21/2021

*[Signature]*

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Michael G. Myers
mgmyers10@sbcglobal.net

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE
julian.wierenga@usdoj.gov

Lu Han
SOCIAL SECURITY ADMINISTRATION
lu.han@ssa.gov